**EFiled: May 04 2022 08:26AM EDT**
**Filing ID 67582707**
**Case Number 345,2021**



IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| RAYQUIAN HORSEY, | § | |
| | § | No. 345, 2021 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | Cr. ID No. 1910015287 (K) |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: March 7, 2022[1]
Decided: May 4, 2022

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

## ORDER

Upon consideration of the opening brief, motion to affirm, and record on appeal, it appears to the Court that:

(1) On March 31, 2020, Rayquian Horsey pled guilty to possession of a firearm by a person prohibited ("PFBPP") in exchange for the dismissal of other drug and weapon charges. On May 24, 2021, the Superior Court sentenced Horsey to eight years of Level V incarceration, suspended for one year of Level III probation. As part of his sentence, Horsey was to be evaluated for substance abuse and to follow all recommended treatment.

---

[1] The motion to affirm was refiled on April 19, 2022 to include the exhibits referenced in the original motion.

(2)     On August 27, 2021, the Department of Correction filed a VOP report. The VOP report alleged, among other things, that Horsey had been charged with new crimes, failed to report to his probation officer since May, and failed to complete a substance abuse evaluation.  After a hearing on October 22, 2021, the Superior Court found that Horsey had violated his probation.  The Superior Court sentenced Horsey, effective October 1, 2021, to seven years and six months of Level V incarceration, suspended after one year for decreasing levels of supervision.  This appeal followed.

(3)     In his opening brief, Horsey does not dispute that he violated his probation, but instead contends that the VOP sentence was "extreme" for a first, technical VOP.[2]   This Court's appellate review of a sentence is extremely limited and generally ends upon a determination that the sentence is within statutory limits.[3] If the sentence falls within the statutory limits, "we consider only whether it is based on factual predicates which are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind."[4]

---

[2] Opening Br. 1.  In the combined notice of appeal and opening brief he filed on October 28, 2021, Horsey also argued that his VOP counsel was ineffective for advising Horsey that he needed to file his own notice of appeal if he wished to appeal the VOP sentence. He is mistaken.  Supreme Court Rule 26(l) provides that defense counsel satisfies his continuing obligation in VOP proceedings if he advises his client, in writing, of any right to appeal, whether defense counsel will continue representation on appeal, and that if the client wishes to appeal, he must file a notice of appeal within thirty days.  The record reflects Horsey's VOP counsel satisfied Rule 26(l).
[3] *Kurzmann v. State*, 903 A.2d 702, 714 (Del. 2006).
[4] *Id.*

(4) Once Horsey committed a VOP, the Superior Court could impose any period of incarceration up to and including the balance of the Level V time remaining on Horsey's sentence.[5] Horsey does not argue that the VOP sentence exceeded statutory limits or the Level V time previously suspended. Nor has Horsey identified any basis to suggest that the VOP sentence was based on factual predicates that are false, impermissible, or lack minimal reliability, judicial vindictiveness or bias, or a closed mind. It is manifest on the face of Horsey's opening brief that his appeal is without merit.

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice

---

[5] 11 *Del. C.* § 4334(c); *Pavulak v. State*, 880 A.2d 1044, 1046 (Del. 2005).

3